**Raphael GENAO, aka Ishmael Rasoolullah As–Salaam, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK DEPARTMENT OF PARKS AND RECREATION, Defendant–Appellee.**

No. 05–2941–cv.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Raphael Genao, Flushing, N.Y., for Plaintiff–Appellant.

Pamela Seider Dolgow, The City of New York, Law Department, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. GERARD E. LYNCH,* District Judge.

### SUMMARY ORDER

Petitioner Raphael Genao ("Genao"), proceeding *pro se*, appeals the district court's dismissal of his complaint, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging discrimination on account of his race, religion, national origin, as well as retaliation by the City of New York Department of Parks and Recreation ("Defendant–Appellee"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court granted the motion to dismiss as to all claims on May 27, 2005. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

Before this court, Genao raises only his claim that Defendant–Appellee failed to contact him in March 2003 for seasonal employment. The conduct Genao complains of occurred more than 300 days prior to the filing of a complaint with the EEOC. As such, Genao's claim is time-barred. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 76 (2d Cir. 2003). Genao contends that he only learned that Defendant–Appellee had been capable in March 2003 of contacting him by mail when he received a written invitation to return to work in 2004, but even if

---

this is the case, it does not suffice on our precedents to give rise to equitable tolling. *See generally Zerilli–Edelglass,* 333 F.3d at 80. By failing to raise any other issue to us, Genao has waived his remaining claims. *See Moates v. Barkley,* 147 F.3d 207, 209 (2d Cir.1998) (determining that a *pro se* appellant must present, as required by Federal Rule of Appellate Procedure 28, a clear statement of the issues on appeal or the appellant waives the issues). In any event, the record and relevant case law indicate that Genao did not state any claims upon which relief could be granted.

Accordingly, for substantially the reasons given by the court below, the judgment of the district court is AFFIRMED.